UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

REPORT AND RECOMMENDATION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Felix Raymond Montez,

        Plaintiff,

vs.

Michael J. Astrue, Commissioner
of Social Security,

        Defendant.        Civ. No. 08-634 (PJS/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

I. Introduction

The Plaintiff commenced this action, pursuant to Section 205(g) of the Social Security Act, Title 42 U.S.C. §405(g), seeking a judicial review of the Commissioner's final decision which denied his application for Disability Insurance Benefits ("DIB"). The matter is now before the Court upon the Defendant's Motion to Dismiss. The Plaintiff appears pro se, and the Defendant appears by Lonnie F. Bryan, Assistant United States Attorney. For reasons which follow, we recommend

that the Defendant's Motion to Dismiss be granted, and that the Plaintiff's Complaint be dismissed, in its entirety.

## II. Factual and Procedural Background.

The Plaintiff first applied for DIB on September 21, 2005, with an alleged onset date of May 1, 2005. See, First Declaration of Earnest Baskerville ("First Baskerville Decl."), Docket No. 8, Exhibit 1 ("ALJ Decision") at p. 1. His application was denied upon initial review, and upon reconsideration. Id. The Plaintiff then requested a Hearing before an Administrative Law Judge ("ALJ") and, on August 8, 2007, a Hearing was conducted, at which time, the Plaintiff appeared and testified, without the assistance of any representative. Id. Thereafter, on October 26, 2007, the ALJ issued a decision which denied the Plaintiff's claim for benefits. Id.

The Plaintiff requested an Administrative Review before the Appeals Council which, on December 14, 2007, declined to review the matter further. Id., Exhibit 2. Thus, the ALJ's determination became the final decision of the Commissioner, and is ripe for judicial review. See, Steahr v. Apfel, 151 F.3d 1124, 1125 (8th Cir. 1998); Johnson v. Chater, 108 F.3d 942, 943-44 (8th Cir. 1997); Title 20 C.F.R. §1481.

In its denial letter, the Appeals Council informed the Plaintiff that he had sixty (60) days in which to file a civil action, if he wished to appeal its decision. The Notice read as follows:

> **Time To File a Civil Action**
>
> • You have 60 days to file a civil action (ask for court review).
>
> • The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.
>
> • If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in the request.
>
> • You must mail your request for more time to the Appeals Council at the address shown at the top of this notice. * * * We will send you a letter telling you whether your request for more time has been granted.

<u>Appeals Council Decision</u>, supra at pp. 2-3 [emphasis in original]. As noted, the Appeals Council's decision was dated December 14, 2007, and the Plaintiff had sixty-five (65) days, from the date of that letter, to seek judicial review.

Accordingly, the Plaintiff's Complaint was due by no later than February 19, 2008.[1] Nonetheless, despite the language of the Appeals Council's denial letter, the Plaintiff did not file his current Complaint until March 7, 2008, which was seventeen (17) days after his time to appeal had expired. See, Complaint, Docket No. 1.[2]

The Defendant now asks that we dismiss the Plaintiff's Complaint, as untimely filed, pursuant to the limitations period in the Social Security Act, Title 42 U.S.C. §405(g). See, Defendant's Motion to Dismiss, Docket No. 6. The Plaintiff opposes the Motion, and we address the parties' arguments in turn.

### III. Discussion

A. Standard of Review. "When reviewing a Rule 12(b)(6) dismissal for failure to state a claim, we look only to the facts alleged in the complaint and construe those facts in the light most favorable to the [nonmoving party]." Riley v. St. Louis County, 153 F.3d 627, 629 (8th Cir. 1998), cert. denied, 525 U.S. 1178 (1999), citing

---

[1] The sixty-five (65) day period was due to expire on Sunday, February 17, 2008, and Monday, February 18, 2008, was a Federal holiday. As a consequence, the Plaintiff had until Tuesday, February 19, 2008, by which to file his Complaint. See, Rule 6(a), Federal Rules of Civil Procedure.

[2] The Plaintiff's Complaint is dated February 29, 2008, although it was received by the Clerk of Court on March 7, 2008. See, Complaint, Docket No. 1. Nonetheless, even if it had been filed on February 29, 2008, the Plaintiff's Complaint would have been untimely.

Double D Spotting Serv., Inc. v. Supervalu, Inc., 136 F.3d 554, 556 (8th Cir. 1998); see also, Maki v. Allete, Inc., 383 F.3d 740, 742 (8th Cir. 2004). In addition, all reasonable inferences, from the facts alleged in the Complaint, must be drawn in favor of the nonmoving party. See, Maki v. Allete, Inc., supra at 742. "A complaint shall not be dismissed for its failure to state a claim upon which relief can be granted unless it appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of a claim entitling him to relief."[3] Young v. City of St. Charles, 244 F.3d 623, 627 (8th Cir. 2001), citing Breedlove v. Earthgrains Baking, 140 F.3d 797, 799 (8th Cir. 1998), cert. denied, 525 U.S. 921 (1998); see also, Maki v. Allete, supra at 742; Helleloid v. Independent School Dist. No. 361, 149 F. Supp.2d 863, 866-67 (D. Minn. 2001).

"Nevertheless, dismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." Young v. City of St. Charles,

---

[3] We recognize that the "no set of facts" standard, in reviewing Motions to Dismiss, was abrogated by the Supreme Court in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1969 (2007). Nevertheless, the abrogation did not change the Court's "accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 1960. Here, we apply the Supreme Court's "accepted pleading standard."

supra at 627, citing Neitzke v. Williams, 490 U.S. 319, 326-27 (1989). "To avoid dismissal, a complaint must allege facts sufficient to state a claim as a matter of law and not merely legal conclusions." Id., citing Springdale Educ. Ass'n v. Springdale Sch. Dist., 133 F.3d 649, 651 (8th Cir. 1998); see also, Bell Atlantic Corp. v. Twombly, supra at 1964-65 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.")[internal citations omitted].

A Motion to Dismiss can be converted to a Rule 56 Motion for Summary Judgment if "matters outside the pleadings are presented to and not excluded by the court." Rule 12(c), Federal Rules of Civil Procedure. However, a Court may consider some information, which is not contained within the Complaint, such as materials that are part of the public record, and materials that are necessarily embraced by the pleadings, without transforming the Motion into one for Summary Judgment. See, Little Gem Life Sciences, LLC v. Orphan Medical, Inc., 537 F.3d 913, 916 (8th Cir. 2008), citing Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999); Faibisch v. University of Minnesota, 304 F.3d 797, 802 (8th Cir. 2001); Flora v.

Firepond, Inc., 260 F. Supp.2d 780, 784-785 (D. Minn. 2003), aff'd, 383 F.3d 745 (8th Cir. 2004).

Materials necessarily embraced by the pleadings include "documents whose contents are alleged in the complaint, and whose authenticity nobody questions, but which are not physically attached to the pleading." Mattes v. ABC Plastics, Inc., 323 F.3d 695, 698 n. 4 (8th Cir. 2003), quoting Kushner v. Beverly Enters., 317 F.3d 820, 831 (8th Cir. 2003), see also, Jenisio v. Ozark Airlines, Inc., Ret. Plans, 187 F.3d 970, 972 n.3 (8th Cir. 1999)("A district court may consider documents on a motion to dismiss where * * * the plaintiff's claims are based solely on the interpretation of the documents and the parties do not dispute the actual contents of the documents.").

Here, in analyzing the merits of the Defendants' Motion, we have considered the allegations contained in the Complaint, as well as the submissions of the Defendants. Since all of those documents are necessarily embraced by the Complaint, and since neither party disputes their authenticity, our consideration of those documents does not convert the Defendants' Motion into one for Summary Judgment. See, Burgi v. Gerstel Law Firm, PA, 2008 WL 4634984 *3 (D. Minn., October 17, 2008); see also, Cupp v. Astrue, 2008 WL 4489137 at *1 (E.D. Mo., October 3, 2008)(considering a Declaration submitted by the Commissioner in support of a

Motion to Dismiss based upon the limitations period); Neal v. Astrue, 2008 WL 508507 at *4 (W.D. Ark., February 21, 2008)(same).

    B.    Legal Analysis.  As noted, the Defendant asks that we dismiss the Plaintiff's Complaint as untimely.  Under the Social Security Act, the jurisdiction of Federal Courts to review the final decisions of the Commissioner is limited as follows:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision **by a civil action commenced within sixty days after the mailing to him of such decision** or within such further time as the Commissioner of Social Security may allow. * * *

Title 42 U.S.C. §405(g)[emphasis added]; see also, Title 20 C.F.R. §§404.981, 422.210(c) ("Any civil action * * * must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council is received by the individual, institution, or agency, except that this time may be extended by the Appeals Council upon a showing of good cause."); Bess v. Barnhart, 337 F.3d 988, 989 (8th Cir. 2003).

"[T]he 60-day requirement is not jurisdictional, but rather constitutes a period of limitations." Bowen v. City of New York, 476 U.S. 467, 478 (1986), citing Mathews v. Eldridge, 424 U.S. 319, 328 n. 9 (1976), and Weinberger v. Salfi, 422 U.S. 749, 764 (1975).  Nonetheless, the limitations period is "a condition on the waiver of sovereign immunity and * * * must be strictly construed." Id. at 479.

Here, there is no dispute that the Plaintiff's Complaint was not filed within the time period prescribed by the Social Security Act, see, Plaintiff's Response, Docket No. 10, nor has the Plaintiff challenged the presumption that he received the Appeals Council's decision within five (5) days of December 14, 2007, when the decision was sent. See, Bess v. Barnhart, supra at 989 ("[R]eceipt of the notice of the Appeals Council is presumed five days after the date of the notice, unless there is a reasonable showing to the contrary."), citing Title 20 C.F.R. §422.210(c). Instead, the Plaintiff first asserts, in a response dated May 10, 2008, that he has "petitioned the Appeal[s] Council for an extension under good cause * * * ." Plaintiff's Response, supra, citing Social Security Handbook §2015.6 (examples of good cause for an extension of time for filing, including "[y]ou were seriously ill and were prevented from contacting us in person, in writing, or through a friend, relative, or other person[.]"); see also, Title 20 C.F.R. §404.911(b)(1) (same).[4]

For its part, the Defendant has submitted two (2) Declarations from Earnest Baskerville, who is the Chief of Court Case Preparation and Review for the Social Security Administration. See, First Baskerville Decl., supra; Second Declaration of

---

[4]The Social Security Handbook is available online at the Social Security Administration's website, http://www.ssa.gov.

Earnest Baskerville ("Second Baskerville Decl."), Docket No. 16. In his Declarations, Baskerville attests that, as of June 7, 2008, no request for an extension of time had been received by the Agency, based upon a review of the Plaintiff's official case file. Id. at ¶3(b); Second Baskerville Decl., supra at ¶3(b). By contrast, the Plaintiff has not submitted any evidence, other than his unsworn assertion, which could establish that he has sought, or received, an extension of time in which to file his Complaint. See, Williams v. Astrue, 2008 WL 2705362 at *2 (W.D. Ark., June 17, 2008)(holding that, without such evidence, the "Plaintiff cannot establish he met the requirements of 42 U.S.C. §405(g)."). Accordingly, we find that the Plaintiff's Complaint is untimely, pursuant to the limitations period that is prescribed by Section 405(g).

However, the Plaintiff also argues that he was unable to "mak[e] any legal decisions," from December of 2007, through February of 2008, due to an asserted "incapacity of mind," which was caused by "losing his medical insurance, resulting in his withdrawal from mood and anxiety stabilizing medications * * * ." Id.[5] Accordingly, we understand the Plaintiff to argue that the limitations period should be subject to equitable tolling, based upon his asserted illness.

---

[5]As noted, the Plaintiff was able to prepare his Complaint, at some point prior to February 29, 2008, when it was signed and dated. See, Complaint, supra.

In <u>Bowen</u>, the United States Supreme Court first recognized that the doctrine of equitable tolling might apply to the limitations period of Section 405(g), when supported by the particular circumstances of a case. <u>Id.</u> at 478-481. Specifically, the Court observed that, "[w]hile in most cases the Secretary will make the determination whether it is proper to extend the period within which review must be sought, cases may arise where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate." <u>Id.</u> at 480 [internal quotation omitted]; see also, <u>Harris v. Chater</u>, 68 F.3d 478, 1995 WL 620015 (8th Cir. 1995) [Table Decision]; <u>Caran v. Bowen</u>, 834 F.2d 720, 721 (8th Cir. 1988). In <u>Bowen</u>, the Court held that equitable tolling was appropriate due to egregious misconduct by the Commissioner, given that "the Government's secretive conduct [had prevented] plaintiffs from knowing of a violation of rights * * * ." <u>Id.</u> at 481 [citation omitted].

Similarly, our Court of Appeals has held that, "[g]enerally, equitable circumstances that might toll a limitations period involve conduct **(by someone other than the claimant)** that is misleading or fraudulent." <u>Turner v. Bowen</u>, 862 F.2d 708, 710 (8th Cir. 1988)[emphasis added]. In <u>Turner</u>, the Court affirmed the dismissal of an untimely Complaint, where the plaintiff sought equitable tolling based upon his illiteracy, and his lack of legal counsel. <u>Id.</u> at 709. In reaching its decision, the <u>Turner</u>

Court cited the decision of the Court of Appeals for the Second Circuit, in <u>Wong v. Bowen</u>, 854 F.2d 630, 631 (2nd Cir. 1988), in which "equitable tolling [was] denied even though [the] claimant for social security disability benefits asserted that illness prevented her from timely filing an action in federal district court[.]" <u>Id.</u> at 710; see also, <u>Bershers v. Astrue</u>, 2008 WL 4899528 at *1 (W.D. Ark., November 12, 2008)(finding no basis to toll the limitations period, notwithstanding the plaintiff's claim that "his mental and physical impairments prevented him" from timely filing his Complaint).

Here, given the standard, which is identified in <u>Turner</u>, as permitting equitable tolling, we find no basis to toll the limitations period on the Record presented. There is no allegation by the Plaintiff that the Defendant has engaged in any misleading or fraudulent conduct, and our Court of Appeals has routinely rejected requests for equitable tolling in the absence of such allegations:

> Federal courts have typically extended equitable relief only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or **where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass**. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.

Medellin v. Shalala, 23 F.3d 199, 204 (8th Cir. 1994)[emphasis in original], quoting Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990); see also, Turner v. Bowen, supra at 710; Harris v. Chater, supra; Caran v. Bowen, supra at 721. Here, the Plaintiff has failed to provide any competent showing that he was incapacitated, at the relevant times, and was unable to file his Complaint due to circumstances beyond his control.

In this respect, we find analogous the Court's holding in Git v. Dep't of the Treasury, 76 F.3d 382, 1996 WL 1956 (8th Cir., January 4, 1996)[Table Decision]. There, the plaintiffs sought a refund of their 1986 taxes, together with damages for emotional distress, and punitive damages. The plaintiffs "alleged a disabling illness prevented Mr. Git from completing the couple's 1986 joint tax return and Mrs. Git lacked the knowledge to do so." In addition, the plaintiffs contended that an IRS agent provided them with bad advice. Id. at **1. The District Court dismissed the plaintiff's tax return claim as untimely, under Title 26 U.S.C. §6511, and the Court of Appeals affirmed, concluding that "neither the IRS's bad advice nor Mr. Git's poor health provide[d] sufficient grounds for equitable tolling against the government." Id. We find no basis, in the Record submitted, to treat the Plaintiff's circumstances differently.

In sum, we find that the Plaintiff's Complaint was untimely filed, and we further find that the circumstances presented do not support any equitable tolling of the limitations period. Accordingly, we recommend that the Defendant's Motion to Dismiss be granted, based upon the Plaintiff's failure to timely file his Complaint.

NOW, THEREFORE, It is --

RECOMMENDED:

That the Defendant's Motion to Dismiss [Docket No. 6] be granted.


Dated: December 8, 2008                    *s/Raymond L. Erickson*
                                           Raymond L. Erickson
                                           CHIEF U.S. MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties by no later than **December 29, 2008**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to

comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing by no later than **December 29, 2008**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.